**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NAJJAW MANSOOR, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LAFARGE S.A., LAFARGE CEMENT HOLDING LIMITED, and LAFARGE CEMENT SYRIA S.A.<br><br>Defendants. | No. 1:26-cv-3424-NGG-PK |

**STIPULATION AND [PROPOSED] ORDER**

**WHEREAS**, on June 8, 2026, Plaintiffs filed the Complaint in the above-captioned case (the "Action") and designated this Action as related to *Finan v. Lafarge S.A.*, No. 1:22-cv-07831-NGG-PK; *Foley v. Lafarge S.A.*, No. 1:23-cv-05691-NGG-PK ("*Foley*"); *Fields v. Lafarge S.A.*, No. 1:23-cv-00169-NGG-PK; *Black v. Lafarge S.A.*, No. 1:24-cv-08901-NGG-PK ("*Black*"); *Stallter v. Lafarge S.A.,* No. 1:25-cv-6749-NGG-PK ("*Stallter*"); *Shirley v. Lafarge, S.A.*, No. 1:25-cv-04248-NGG-PK; *Murad v. Lafarge S.A.*, No. 1:23-cv-09186; *Goldman v. Lafarge, S.A.*, No. 1:24-cv-01043; and *Wilson v. Lafarge S.A.*, No. 1:25-cv-01975 (each case so listed in the Civil Cover Sheet, a "Related Case"), ECF No. 1-1.

**WHEREAS**, on July 1, 2026, Plaintiffs' counsel requested that Lafarge S.A., Lafarge Cement Holding Limited, and Lafarge Cement Syria S.A. (collectively, "Defendants") waive service under Federal Rule of Civil Procedure 4(d); and Defendants' counsel agreed to that request on July 21, 2026.

**WHEREAS**, on August 7, 2026, the parties filed a Joint Stipulation and Proposed Order ("Joint Stipulation") which, among other things, waived service; stipulated to the

applicability of certain orders on motions to dismiss filed in certain of the Related Cases, while preserving the parties' arguments, defenses, and appellate and other rights with respect to such orders; addressed certain scheduling and logistical matters; and extended Defendants' deadline to respond to the Complaint in this Action until September 18, 2026. ECF No. 10.

**WHEREAS**, on August 12, 2026, the Court so-ordered the parties' Joint Stipulation. ECF No. 11.

**WHEREAS,** on August 25, 2026, Plaintiffs informed Defendants of their intent to represent additional plaintiffs injured by one or more terrorist attacks already at issue in this Action and/or one or more Related Case(s) who are seeking assert claims against Defendants under the Anti-Terrorism Act's secondary liability provisions, either by: (a) including those plaintiffs and their claims in an amended complaint to be filed in this Action, or (b) filing those plaintiffs' claims in a separate action that plaintiffs' counsel would designate as related to this Action and the Related Cases.

**WHEREAS,** on September 4, 2026, Defendants filed a Joint Proposed Discovery Plan and Scheduling Order ("Proposed Scheduling Order") in this Action, ECF No. 13, in which the parties agreed on an October 1, 2026 deadline for the parties to file a motion to join new parties or amend their pleadings.

**WHEREAS**, the parties agree that permitting the additional plaintiffs represented by the undersigned Plaintiffs' counsel to assert their claims in an amended complaint in this Action, rather than in a new action that could be designated as related to this Action and the Related Cases, may promote administrative efficiency without prejudice to Defendants' rights, arguments, objections, and defenses.

**WHEREAS,** Defendants consent pursuant to Federal Rule of Civil Procedure 15(a)(2) to Plaintiffs' request to amend the Complaint in this Action solely to add plaintiffs and allegations concerning their claimed injuries, the terrorist attacks that allegedly caused their injuries, their status as U.S. nationals, and, as applicable, their familial or other relationships with persons killed and/or directly injured in such terrorist attacks, while reserving all rights, arguments, objections, and defenses as to the amended complaint and any further amendment.

**WHEREAS**, Defendants expressly reserve and do not waive their objections to jurisdiction, the sufficiency of Plaintiffs' allegations, and any other defenses, objections, arguments, rights, or remedies available to them, and Plaintiffs agree that this stipulation shall not constitute a waiver of any such defense, objection, argument, right, or remedy.

**WHEREAS,** the parties agree that, upon Plaintiffs' filing of an amended complaint consistent with the foregoing recitals, each provision of the Joint Stipulation shall continue to remain in full force and effect in this Action, and that every provision of the Joint Stipulation referencing the Complaint shall be deemed to apply with full force and effect as to Plaintiffs amended complaint—other than the first two "WHEREAS" provisions and paragraph 1 of the Joint Stipulation, which shall continue to apply to the original Complaint, and Paragraph 15 of the Joint Stipulation, which shall be vacated.

**WHEREAS**, the parties agree that Plaintiffs will file an amended complaint on or before September 28, 2026, consistent with the scope of Defendants' consent set forth above.

**WHEREAS,** the parties agree that Defendants shall have twenty-one (21) days following the filing of Plaintiffs' amended complaint to respond to that amended complaint.

**WHEREAS,** the parties agree that Defendants have not waived their right to move to dismiss, strike, or otherwise challenge new allegations or claims in Plaintiffs' amended complaint.

**WHEREAS,** the parties agree that the dates and other elections and provisions of the Proposed Scheduling Order shall remain the same upon the filing of the amended complaint except for the following modest extensions for which the parties agree that good cause exists to extend in light of the amended complaint: (a) the date on which the parties shall exchange Rule 26(a)(1) disclosures set forth in Section A.2 of the Proposed Scheduling Order should be extended by four weeks; (b) the dates by which Plaintiffs must make a settlement demand and by which Defendants must respond in Section B of the Proposed Scheduling Order should each be extended by two weeks; and (c) the date in Section C.2 of the Proposed Scheduling Order on which the document requests and interrogatories served prior to the date hereof in the *Foley*, *Black*, and *Stallter* actions shall be deemed served on the parties in this Action (including the additional plaintiffs in the forthcoming amended complaint) should be extended to October 1, 2026.

**WHEREAS**, nothing in this Stipulation and Proposed Order shall be construed as an admission by Defendants regarding the truth, sufficiency, materiality, relevance, or legal effect of any allegation in the Complaint, any amended complaint, or any Related Case.

**IT IS HEREBY STIPULATED AND AGREED**, by the parties hereto, through their undersigned counsel, as follows:

1. Plaintiffs shall file an amended complaint by September 28, 2026, limited to the amendments described in the recitals above unless otherwise agreed by Defendants or ordered by the Court.

2. Defendants' September 18, 2026 deadline to file their response to the Complaint

is vacated.

3. Defendants shall have twenty-one (21) days following the filing of Plaintiffs' amended complaint to answer, move, or otherwise respond to that amended complaint.

4. The Joint Stipulation so-ordered by the Court on August 12, 2026 shall continue to remain in full force and effect in this Action, subject to Defendants' preserved rights, arguments, objections, and defenses, such that upon the filing of the amended complaint, every provision of the Joint Stipulation referencing the Complaint shall be deemed to apply with full force and effect to the amended complaint; provided, however, that: (a) the first two "WHEREAS" provisions and paragraph 1 of the Joint Stipulation shall continue to apply to the original Complaint; (b) paragraph 15 of the Joint Stipulation shall be vacated pursuant to Paragraph 2 of this Joint Stipulation and Proposed Order; and (c) Defendants shall not have waived their right to move to dismiss, strike, or otherwise challenge new allegations or claims in Plaintiffs' amended complaint.[1]

5. The dates and other elections and provisions of the Proposed Scheduling Order shall remain the same upon the filing of the amended complaint, subject to the following modifications for which good cause exists: (a) the date on which the parties shall exchange Rule 26(a)(1) disclosures set forth in Section A.2 of the Proposed Scheduling Order is hereby extended to October 23, 2026 (from September 25, 2026); (b) the dates by which Plaintiffs must make a settlement demand and by which Defendants must respond set forth in Section B of the Proposed

---

[1] The parties agree that Defendants may not move to dismiss the *Mansoor* amended complaint on grounds that were previously available to them (*i.e.*, any ground(s) upon which Defendants could have moved to dismiss the original *Mansoor* complaint.).

Scheduling Order are hereby extended to October 16, 2026 (from October 1, 2026) and November 16, 2026 (from November 1, 2026), respectively; and (c) the date in Section C.2 of the Proposed Scheduling Order on which the document requests and interrogatories served in the *Foley*, *Black*, and *Stallter* actions prior to the date hereof shall be deemed served on the parties in this Action (including the additional plaintiffs in the forthcoming amended complaint) is hereby extended to October 1, 2026 (from September 1, 2026).

Nothing in this Stipulation and Proposed Order, including Defendants' consent to Plaintiffs' filing of an amended complaint, shall be deemed to waive, limit, impair, or prejudice any defense, objection, argument, right, remedy, or appellate right available to Defendants.

Dated: September 17, 2026

By: /s/ *Adam J. Goldstein*
Adam J. Goldstein (No. 5123286)
Ryan R. Sparacino (*pro hac vice* forthcoming)
SPARACINO PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel: (202) 629-3530
Fax: (202) 629-3658
ryan.sparacino@sparacinopllc.com
adam.goldstein@sparacinopllc.com

*Counsel for Plaintiffs*

By: /s/ *David W. Bowker*
David W. Bowker
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Tel: (202) 633-6000
Fax: (202) 633-6363
david.bowker@wilmerhale.com

*Counsel for Defendants*

**SO ORDERED:**

______________________________
UNITED STATES DISTRICT JUDGE